UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-11529-RGS

AMGUARD INSURANCE COMPANY
as Subrogee of PRANZINI INC.
d/b/a PIATTINI WINE BAR

v.

LANDON RICHMOND d/b/a
KNOW NO TRUTH

ORDER ON MOTION TO COMPEL

September 8, 2020

STEARNS, D.J.

Rule 37 of the Federal Rules of Civil Procedure allows for sanctions against parties who unjustifiably refuse or fail to participate or comply with discovery. One refuses to participate "unjustifiably" when they do so in bad faith or with the intention of deceiving the other party. Under these circumstances, Rule 37 may allow for sanctions, including the payment of attorney's fees and expenses incurred in the filing of the motion to compel discovery.

After consideration of plaintiff's Motion for Order Compelling Defendant to Provide Further Reponses to Plaintiff's Request for Production

of Documents and Supplemental Answers to Plaintiff's Interrogatories [Dkt #33], the court determines and orders the following:

Defense counsel must provide to plaintiff's counsel supplemental answers to plaintiff's interrogatories No. 9, 10, and 19 within 10 days. Defendant's objection to No. 19 need not be stricken.  However, defendant must answer all questions requesting information regarding "smoking" with information regarding both his cigarette usage and his marijuana usage.  The answers, furthermore, must not be limited exclusively to usage in the studio or on the day in question.

With the proper responses to these interrogatories, defense need not provide medical records to the plaintiff.[1]  The medical records regarding defendant's smoking "habit" will reveal no more than the interrogatories while disregarding the personal right to privacy.[2]  Such efforts would be

---

[1] "Both the individual right to privacy in avoiding disclosure of private medical information, and a federal policy protecting medical records, must be balanced against the interest of the plaintiffs here in examining private medical records." *McEvoy v. Hillsborough Cty.*, No. 09-CV-431-SM, 2011 WL 1813014, at *6 (D.N.H. May 5, 2011).

[2] "A court must limit discovery if it determines that the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties'

unnecessarily duplicative. Therefore, the defense is not ordered to comply with the request for production of No. 16.

In terms of sanctions, the court finds that defendant did not act in bad faith by refusing to provide an expanded answer for No. 19 or by failure to produce medical records in response to Request No. 16. However, defendant purposefully evaded the questions being asked in interrogatories No. 9 and No. 10. Within the next fourteen days, plaintiff's counsel may produce for the court's consideration an itemized affidavit of reasonable time and expenses incurred only in compelling supplemental answers for No. 9 and No. 10.

        SO ORDERED.

        /s/ Richard G. Stearns_____
        UNITED STATES DISTRICT JUDGE

---

resources, the importance of the issues at stake in the litigation, and the importance of the projected discovery in resolving the issues." *In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013).